```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
```

_____

MIGUEL RUEDA, JR.,

    PLAINTIFF

vs

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICERS BURGOS and "JOHN DOES", individually and in their official capacities,

    DEFENDANTS

_____

07 Civ 3788/NRB/FM

FIRST AMENDED COMPLAINT [JURY TRIAL]

## I. INTRODUCTION

1. This is an action which arises out of the Plaintiff's arrest and all associated therewith including the handcuffing of the Plaintiff and including the intrusive searches conducted of the Plaintiff associated with his stop, detention, and custodial arrest on December 14, 2006 at or about 1:00 P.M. outside of the building in which the Plaintiff's then residence was situated at One West 182nd Street, Apt. # 2D, Bronx, New York 10453 at or about the time that the police were entering into the Plaintiff's residence and searching the residence.

2. The Plaintiff seeks redress, including damages, for the violation of his rights as guaranteed under the laws and Constitution of the United States and the laws and Constitution of the State of New York.

3. The Plaintiff alleges that his residence was wrongfully entered into and searched and that he was unlawful stopped and detained and falsely arrested, subjected to excessive force [by way of handcuffing], and subjected to unlawful intrusive searches including a strip search with squat and that he was otherwise falsely imprisoned until he was released from Bronx Central Booking

on December 15, 2006 at or about 6:00 A.M. without any charges ever being preferred against the Plaintiff.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343 and 1367 in conjunction with the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights act of 1871, 42 U.S.C. Section 1983, and the laws and Constitution of the State of New York.

5. The Plaintiff requests that, pursuant to the pendent party and pendent State law claim jurisdiction, the Court exercise its discretion to address the Plaintiff's State law claims which derive from and out of the same event which gives rise to the federal law claims and which have a common nucleus of operative facts with the Plaintiff's federal law claims.

6. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks not only monetary damages but, if appropriate, declaratory and injunctive relief.

7. This is an action in which the Plaintiff seeks relief for the violation of his federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under the laws and Constitution of the State of New York.

## III. PARTIES

8. The Plaintiff is a citizen of the United States and a resident of the City of New York, State of New York, and the County of the Bronx.

9. The Defendant City of New York is a municipal entity which exists under the laws and Constitution of the State of New York and is authorized and empowered under the laws and Constitution of the State of New York to maintain and operate a police department for the purposes of providing for the common and public welfare of those who reside in the City of New York and otherwise travel to and visit in the City of New York.

10. Defendants Burgos and "John Does" are New York City Police Officers and agents and employees of the City of New York. They are sued in their individual and official capacities. Although the actions and conduct as described hereinafter were wrongful and unlawful those actions and conduct were taken in and during the performance of their duties and functions and incidental to the otherwise lawful performance of the same. They were at all times hereinafter described acting under "color of State law" and as "state actors"

## IV. ALLEGATIONS

11. This is a litigation which arises out of the entry into the Plaintiff's then residence and the Plaintiff's subsequent arrest on December 14, 2006 at or about 1:00 P.M. at One West 182nd Street, Apt. # 2D, Bronx, New York 10453 and the intrusive searches conducted of the Plaintiff associated with his stop, detention, and custodial arrest. The Plaintiff's residence was entered into at or about the time that the Plaintiff's arrest took place outside of the building in which the residence is situated and located.

12. The Plaintiff is a resident of the City of New York, County of the Bronx, State of New York.

13. The Plaintiff is twenty seven [27] years of age. The Plaintiff's birth date is December 20, 1979.

14. The Plaintiff presently resides at a residence other than that where he resided on the date of the incident hereinafter described.

15. The Plaintiff had resided at his One West 182nd Street address for several months prior to the incident hereinafter described.

16. The Plaintiff resided at the afore-described address by with his girlfriend and with his two children, ages two and three. He resides at his present address with the same individuals. His present address is a residence address other than the residence at One West 182nd Street.

17. At present the Plaintiff is unemployed. He is training as a boxer. He presently receives public assistance and is enrolled in a program through which he is seeking, with assistance, to secure gainful employment.

18.  The incident which gives rise to this incident commenced on December 14, 2006 when the Plaintiff's residence was entered by New York City Police Officers and when, outside of the building in which the Plaintiff's then residence was situated, the Plaintiff was falsely arrested, without probable cause, and, then, subjected to intrusive searches including a strip search, with squat, at the 46th Precinct in the Bronx, and subsequently detained and imprisoned for approximately sixteen hours until he was released from Bronx Central Booking, without being charged, on December 15, 2007 at or about 6:00 A.M.

19.  On December 14, 2006, at or about 1:00 P.M., the Plaintiff was standing outside of the building in which his residence was then located.  The Plaintiff's girlfriend was not home and the Plaintiff's two children were at day care.

20.  The Plaintiff was standing outside of his residence building speaking with his father who had come by to see the Plaintiff.

21.  Other individuals were standing outside of the building, as well.

22.  A large group of plain clothes New York City Police Officers came on the scene.

23.  Most of the officers entered into the building. Some stayed outside the building and began asking those, in the vicinity, their names and where they resided. The Plaintiff and others were told to get down and the Plaintiff and his father, among others, got down at which time and officer picked the Plaintiff up and turned him around.

24.  The Plaintiff, when asked, identified himself as Miguel Rueda, and informed the police that he resided in apartment # 2D in the building. At that time, the Plaintiff could see his apartment and could see police inside of it when they drew the curtain; and the Plaintiff indicated to the police that he lived in the apartment where the police had entered. The Plaintiff asked: what is going on? At that time the officer searched the Plaintiff by pulling his pants down to his knees and doing an intrusive search of the Plaintiff which exposed the Plaintiff and to which the

4

Plaintiff objected by stating: there are women here, what are you doing?

25. The Plaintiff was immediately placed under arrest and handcuffed.

26. The Plaintiff believes that Police Officer Burgos was involved in the arrest and handcuffing of the Plaintiff.

27. The Plaintiff was taken into the building and up to his residence.

28. When the Plaintiff arrived at his residence the Plaintiff observed that his residence had been entered into by the police.

29. The Plaintiff observed that the door to his residence had been broken and the lock broken.

30. Police Officers were inside of the Plaintiff's residence and the Plaintiff observed that police officers were searching throughout the residence.

31. The Plaintiff was asked where the marijuana was and the Plaintiff denied that there was any marijuana or other illicit substances in his residence.

32. The Plaintiff's residence was trashed.

33. The Plaintiff's play station was broken; the Plaintiff's speakers were broken; clothes and other things were strewn about. The mattress on the Plaintiff's bed had been taken off the bed and the Plaintiff's dresser was broken as was his daughter's dresser. The police also damaged the Plaintiff's camcorder.

34. The police found no illegal substances whatsoever in the Plaintiff's residence.

35. Furthermore, the Plaintiff, when frisked and otherwise searched at the time of his arrest, had no contraband or weapons in his possession.

36. The Plaintiff was removed to the 46th Precinct where he was subjected to an intrusive strip search, with squat, outside of the cell. The intrusive strip search,

with squat, was conducted in the in full view of other individuals who were, then, present in the cell. The intrusive strip search, with squat, did not produce any contraband or weapons since the Plaintiff was never in the possession of weapons or contraband form the time of his arrest outside of the building wherein he resided and throughout his incarceration and detention.

    37.    The Plaintiff was removed from the 46h Precinct after several hours and, then, transported to the 49th Precinct where he was imprisoned and detained. Thereafter, the Plaintiff was removed to another Precinct in the vicinity of Jacobi Hospital where he was imprisoned and detained until he was eventually transported to Bronx Central Booking.

    38.    Throughout these transports and detentions the Plaintiff was subjected to numerous frisk searches which never, ever produced any contraband or weapons or illicit substances of any kind or nature.

    39.    On December 15, 2006, at or about 6:00 A.M., the Plaintiff was released from Bronx Central Booking without ever appearing in Court or without ever being directed to come back to Court on a future date.

    40.    At the time of his arrest and detention and the search of the Plaintiff's residence, the police seized $97.00 and some papers including the Plaintiff's birth certificate.

    41.    Although the Plaintiff has endeavored to obtain the return of his monies and his papers by going to the 46th Precinct on several occasions, the Plaintiff has not been able to obtain the return of the same.

    42.    It is believed that the Plaintiff was part of a larger operation undertaken by the police that caused the Plaintiff to be arrested and taken into custody although the Plaintiff had not done anything which any reasonable person, including law enforcement agents, could have reasonably and objectively believed to have been criminal in nature or could have, prior to arriving at the location, caused reasonable police officers to have reasonably believed that the Plaintiff was engaged in any kind of wrongful or criminal conduct.

6

43. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his stop, detention, and custodial arrest or the subsequent intrusive searches including the strip search, with squat, to which he was subjected in association with his arrest and detention and imprisonment.

44. There was no basis for the police to have entered into the Plaintiff's residence and, thereafter, to have conducted the search of the Plaintiff's residence.

45. Furthermore, the search undertaken of the Plaintiff's residence was unreasonable, unnecessary, and excessive.

46. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

47. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

48. There was no probable cause for the arrest of the Plaintiff. There was no basis, even, for a stop and detention. Furthermore, there was no basis whatsoever for the eventual intrusive searches including the strip search, with squat, to which the Plaintiff was subjected at the 46th Precinct where he was initially transported after his stop, detention, and arrest.

49. There was no basis in law for the entry into the Plaintiff's residence and for the search as undertaken.

50. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive, unreasonable and unnecessary force in the form of his handcuffing and was otherwise subjected to intrusive and unnecessary and excessive and unreasonable searches including a strip search with squat.

7

51. The actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

52. Such crime offense enforcement initiative propels officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

53. Furthermore, they often times propel the police to enter into residences, of the poor and persons of color, on information which is never checked and often very often proves to be unreliable and, after the fact, is shown to have been unreliable and, if subjected to the proper scrutiny, would have been determined, before the fact, to have been unreliable.

54. The policy and practices have a disproportionate impact on African Americans, Latinos, and other individuals of color as well as those who reside in communities which are populated by the poor, often times and disproportionately who are persons of color and who, because of their race and/or national origin, are, regularly and disproportionately and for no other reason but the race factor and/or national origin factor, singled out for stops, detentions and arrests.

55. The Plaintiff's residence was unlawfully entered and unlawfully search; and the Plaintiff was unlawfully stopped, detained, and falsely arrested and subjected to racially discriminatory conduct and subjected to excessive and unreasonable and unnecessary force [in the form of handcuffing] and subjected to unnecessary, unreasonable and excessive searches including a strip search with squat.

56. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

57. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including the entry

8

into the Plaintiff's residence, the search of the Plaintiff's residence, stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the assault and battery of the Plaintiff [in the form of the handcuffing and the physical actions associated with the taking of the Plaintiff into custody], and including the intrusive searches including a strip search with squat of the Plaintiff and including the racially discriminatory treatment of the Plaintiff.

58. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

59. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, and psychological trauma and physical pain and suffering.

60. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION

61. The Plaintiff reiterates Paragraph #'s 1 through 60 and incorporates such by reference herein.

62. The Plaintiff was unlawfully stopped and detained without the requisite "Terry" stop suspicion predicate and thereafter falsely arrested and falsely imprisoned, without probable cause, in violation of the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

63. The Plaintiff suffered injuries and damages.

### B. SECOND CAUSE OF ACTION

64. The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65. The Plaintiff has filed a timely Notice of Claim.

9

66. The Plaintiff was unlawfully stopped and detained without the requisite "Terry stop" suspicion and thereafter falsely arrested and imprisoned, without probable cause, in violation of the Plaintiff's rights under the laws and Constitution of the State of New York.

67. The Plaintiff suffered injuries and damages.

### C.    THIRD CAUSE OF ACTION

68. The Plaintiff reiterates Paragraph #'s 1 through 67 and incorporates such by reference herein.

69. The Plaintiff as subjected to unnecessary, unreasonable, and excessive force [in the form of his handcuffing] in violation of the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

70. The Plaintiff suffered injuries and damages.

### D.    FOURTH CAUSE OF ACTION

71. The Plaintiff reiterates Paragraph #'s 1 through 70 and incorporates such by reference herein.

72. The Plaintiff was subjected to assault and battery in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

73. The Plaintiff suffered injuries and damages.

### E.    FIFTH CAUSE OF ACTION

74. The Plaintiff reiterates Paragraph #'s 1 through 73 and incorporates such by reference herein.

75. The Plaintiff was subjected to intrusive searches including a strip search with squat in violation of the Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

76. The Plaintiff suffered injuries and damages.

### G.   SIXTH CAUSE OF ACTION

77.   The Plaintiff reiterates Paragraph #'s 1 through 76 and incorporates such by reference herein.

78.   The Plaintiff was subjected to intrusive searches including a strip search with squat in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

79.   The Plaintiff suffered injuries and damages.

### H.   SEVENTH CAUSE OF ACTION

80.   The Plaintiff reiterates Paragraph #'s 1 through 79 and incorporates such by reference herein.

81.   The Plaintiff was subjected to racially discriminatory treatment in violation of the Plaintiff's rights under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourteenth Amendment to the United States Constitution.

82.   The Plaintiff suffered injuries and damages.

### I.  EIGHTH CAUSE OF ACTION

83.   The Plaintiff reiterates Paragraph #'s 1 through 82 and incorporates such by reference herein.

84.   The Plaintiff was subjected to racially discriminatory treatment in violation of the Plaintiff's rights under the laws and Constitution of the State of New York.

85.   The Plaintiff suffered injuries and damages.

### J.  NINTH CAUSE OF ACTION

86.   The Plaintiff reiterates Paragraph #'s 1 through 85 and incorporates such by reference herein.

87.   The New York City's policies and practices herein propelled the actions and conduct herein.

88. The policies and practices violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Acts of 1871, 42 U.S.C. Section 1983.

89. The Plaintiff suffered injuries and damages.

### K.   TENTH CAUSE OF ACTION

90. The Plaintiff reiterates Paragraph #'s 1 through 89 and incorporates such by reference herein.

91. The policies and practices herein were negligent and the proximate cause of the injuries suffered by the Plaintiff.

92. The Plaintiff suffered injuries and damages.

### L. ELEVENTH CAUSE OF ACTION

93. The Plaintiff reiterates Paragraph #'s 1 through 92 and incorporates such by reference herein.

94. Under the pendent State law and pendent party jurisdiction of this Court, the City of New York is liable for the actions and conduct of its agents and employees pursuant to and under the doctrine of _respondeat_ _superior_.

95. The Plaintiff suffered injuries and damages.

### M. TWELFTH CAUSE OF ACTION

96. The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97. The Plaintiff's residence was entered and searched in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

98. The Plaintiff suffered injuries and damages.

### N.   THIRTEENTH CAUSE OF ACTION

99. The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

100.  The Plaintiff's residence was entered and searched in violation of the Plaintiff's rights under the laws and Constitution of the State of New York.

101.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and thereafter:

> [a] Assume pendent party and pendent claim jurisdiction.
>
> [b] Award compensatory and punitive damages.
>
> [c] Enter appropriate declaratory and injunctive relief;
>
> [d] Award reasonable attorney's fee and costs.
>
> [e] Award such other and further relief as the Court deems appropriate and just.
>
> [f] Empanel a jury.

DATED: New York, New York
       May 25, 2007

>                            Respectfully submitted,
>
>                            /s/James I. Meyerson_____
>                            JAMES I. MEYERSON [JM 4304]
>                            396 Broadway-Suite # 601
>                            New York, New York 10013
>                            [212] 226-3310
>                            [212] 219-9412/FAX
>                            ATTORNEY FOR PLAINTIFF
>                            BY:_____

13